UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DEVON ROBINSON
and RYAN RANDOLPH,

                            Plaintiffs,

   v.                                                 9:19-CV-1437
                                                                 (DNH/TWD)

NEW YORK STATE CORRECTIONS,
CLINTON CORRECTIONAL FACILITY,
AUBURN CORRECTIONAL FACILITY,
ELMIRA CORRECTIONAL FACILITY,
and DOWNSTATE CORRECTIONAL
FACILITY,

                            Defendants.

---

APPEARANCES:

DEVON ROBINSON
18-B-1656
Plaintiff, Pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

RYAN RANDOLPH
10-A-0814
Plaintiff, Pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

DAVID N. HURD
United States District Judge

**DECISION AND ORDER**

I. **INTRODUCTION**

This is an initial review of a pro se civil rights complaint filed by plaintiffs Devon Robinson ("Robinson") and Ryan Randolph ("Randolph") (collectively "plaintiffs") asserting claims arising out of their confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl."). Plaintiffs are currently incarcerated at Mid-State Correctional Facility ("Mid-State C.F."), have not paid the statutory filing fee for this action, and have filed applications to proceed in forma pauperis. Dkt. Nos. 2 and 3 ("IFP Applications").

By Decision and Order of this Court filed on January 6, 2020 (the "January Order"), the Court granted Robinson's IFP Application and denied Randolph's IFP Application pursuant to 28 U.S.C. § 1915(g) because Randolph has three "strikes" and is not entitled to the "imminent danger" exception. Dkt. No. 5.

The Court directed Randolph to, within thirty (30) days of the filing date of the January Order, pay the statutory filing fee of four hundred dollars ($400) in full. *See* Dkt. No. 5 at 10. Randolph was advised that his failure to timely comply with the January Order would result in the dismissal of this action, without prejudice. *See id.*

To date, Randolph has failed to comply with the January Order. Indeed, Randolph has not filed **any** of the submissions. By the terms of the January Order, Randolph is dismissed as a plaintiff herein, and the Clerk shall edit the docket to reflect his dismissal.

The Court shall now consider the sufficiency of the allegations set forth by Robinson in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.

## II. SUFFICIENCY OF THE COMPLAINT

### A. Standard of Review

Having found that Robinson meets the financial criteria for commencing this action in forma pauperis, and because he seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3

which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

**B. Summary of the Complaint**

The following facts are set forth as alleged by Robinson in the Complaint. Robinson, who is presently incarcerated at Mid-State C.F., claims that his meals were not handled in a "Halal manner" at Mid-State C.F., Clinton Correctional Facility ("Clinton C.F."), and Elmira Correctional Facility ("Elmira C.F."). *See generally* Compl. Plaintiff identified the New York State Department of Corrections and Community Supervision ("DOCCS")[2], Mid-State C.F, Clinton C.F., Elmira C.F., and Downstate Correctional Facility ("Downstate C.F.")[3] as defendants. *See id.* at 1-3.

Construing the Complaint liberally, Robinson claims that defendants violated his First Amendment religious rights. *See* Compl. at 5. Plaintiff seeks monetary damages and included a "two week menu for all Muslims." with his pleading. *See id.* at 5, 6.

**C. Nature of Action**

Robinson seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for

---

[2] Robinson listed "New York State Corrections" as a defendant in this case. *See* Compl. at 1. The Court construes the claims asserted against DOCCS.

[3] The Complaint contains no factual allegations or claims against Downstate C.F. even though it is listed as a defendant in the list of parties. *See* Compl. at 3.

the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993). The Court will construe the allegations in the Complaint with the utmost leniency. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

## III. ANALYSIS

Upon review, Robinson's claims against DOCCS, Marcy C.F., Clinton C.F., Elmira C.F., and Downstate C.F. must be dismissed.

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).

Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40

(2d Cir. 1977); *Dawkins v. State of New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).

Robinson's claims against DOCCS, Marcy C.F., Clinton C.F., Elmira C.F., and Downstate C.F. are barred by this body of law. Accordingly, they must be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.[4] *See Sanchez v. City of New York*, 736 Fed. App'x 288, 290 (2d Cir. 2018) (dismissing claims against DOCCS based upon sovereign immunity); *see Simmons v. Gowanda Corr. Fac.*, No. 13-CV-0647, 2013 WL 3340646, at *2 (W.D.N.Y. July 1, 2013) ("the New York State Department of Corrections and [the named correctional facility] enjoy the same Eleventh Amendment immunity from suit in federal court as enjoyed by the state itself") (quoting *Posr. v. Court Officer Shield No. 207*, 180 F.3d 409, 411 (2d Cir. 1999)).

In light of his pro se status, Robinson is afforded the opportunity to file an Amended Complaint. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). In any Amended Complaint that plaintiff submits in response to this Decision and Order, he must set forth a short and plain statement of the facts on which he relies to support his claims that individuals named as defendants engaged in misconduct or wrongdoing that violated his constitutional rights.

Robinson is advised that any Amended Complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference. In the event that plaintiff submits an Amended Complaint, he should, to the best of his ability, include the name of each individual and state

---

[4] While the Court recognizes the issue of venue, as it relates to claims arising out of Plaintiff's confinement at Elmira C.F. and Downstate C.F., a transfer of those claims would be futile.

the specific conduct about which he complains. While it is not improper for a plaintiff to identify a defendant only as "John/Jane Doe," at the outset of litigation, a complaint must nevertheless set forth factual allegations regarding the actions taken by each Doe defendant which plaintiff relies on in support of his claim that the defendant was personally involved in conduct that violated his constitutional rights.

Robinson is advised that if he fails to submit an Amended Complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Therefore, it is

ORDERED that

1. All claims on behalf of Randolph are **DISMISSED without prejudice**;

2. The Clerk shall amend the docket report to terminate Randolph as a plaintiff herein;

3. Robinson's claims against DOCCS, Mid-State C.F., Clinton C.F., Elmira C.F., and Downstate C.F. are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b);

4. If Robinson wishes to proceed with this action, he must file an Amended Complaint as set forth above within **thirty (30) days** from the date of the filing of this Decision and Order;

5. If Robinson timely files an Amended Complaint, this matter be returned to the

Court for further review;

      6. If Robinson fails to timely file an Amended Complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED** without prejudice without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order. In that event, the Clerk is directed to close this case; and

      7. The Clerk shall serve a copy of this Decision and Order on Robinson.

      IT IS SO ORDERED.

Dated: April 8, 2020
      Utica, New York.

_____
United States District Judge